UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE J PETITTA,<br>Petitioner,<br>v.<br>D. PARAMO, Warden,<br>Respondent. | Case No. 17-cv-02996-HSG (PR)<br><br>**ORDER OF DISMISSAL; DENYING CERTIFICATE OF APPEALABILITY** |

**INTRODUCTION**

Petitioner, a California inmate currently incarcerated at R.J. Donovan Correctional Facility, filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 26, 2017, the court dismissed the petition with leave to amend within twenty-eight days. On September 13, 2017, the court dismissed the case without prejudice after petitioner failed to file an amended petition.

On September 25, 2017, petitioner filed a letter with the court stating that he never received the order dismissing his case with leave to amend. He also filed an amended petition. On October 3, 2017, the court entered an order noting that the amended petition appeared to have the same deficiencies as the original petition and directing petitioner to file a second amended petition within twenty-eight days. On October 27, 2017, petitioner filed a second amended petition. On January 5, 2018, the action was reassigned to the undersigned judge, and the court reopened the case on January 22, 2018. The second amended petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**BACKGROUND**

According to the second amended petition, in 2012 in Santa Clara County Superior Court, petitioner pled guilty to second-degree robbery (Cal. Penal Code § 212.5(c)) and admitted two prior felony convictions (Cal. Penal Code § 667(a)). Dkt. No. 22 at 1-2. Petitioner was sentenced to a term of thirteen years in state prison. *Id.* The California Court of Appeal affirmed the conviction in 2014, and the California Supreme Court denied review in 2017. *Id.* at 3. Petitioner also filed unsuccessful habeas petitions in the state courts. *Id.* at 3-4.

**DISCUSSION**

**A. Standard of Review**

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Id.*

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B. Claims**

As grounds for federal habeas relief, petitioner claims that the State of California "made and/or amended laws that impaired its covenanted obligations to previously negotiated and court-approved plea bargain agreement contracts with petitioner." Dkt. No. 22 at 6. Petitioner argues that prison overcrowding and prison expansion, caused in part by sentence enhancements such as the Section 667(a) enhancements imposed in his case, breach his "'contract' protections from the

state." *Id.* at 7. Petitioner concludes that this is a violation of the Contracts Clause of Article 1, Section 10 of the United States Constitution, which in turn violates the Sovereignty Clause of Article 6, Section 2. *Id.* at 10.

The petition must be dismissed. Petitioner does not allege that any terms of his specific plea agreement have been breached and does not otherwise challenge his conviction or sentence. Petitioner makes reference to the three-judge panel in *Plata v. Brown,* No. C 01-1351 JST. *Plata* is a class action pending in this District concerning the constitutional adequacy of California's inmate medical health care and involves the class of state prisoners with serious medical conditions. The *Plata* court has issued various orders related to prison overcrowding and has required the State of California to undertake prison population reduction measures. The decisions in *Plata* do not create an enforceable right for any particular prisoner to be released. In sum, the petition fails to state a claim that petitioner is in custody in violation of his rights under the Constitution, treaties or laws of the United States.

Where an inmate seeks to challenge the conditions of his confinement, but not the length or validity of his confinement, a civil rights action under 42 U.S.C. § 1983 is proper. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action proper method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 (9th Cir. 1979) (affirming dismissal of habeas petition because challenges to terms and conditions of confinement must be brought as civil rights complaint). If upon reflection, petitioner finds that a civil rights action is the more proper avenue for his claims and the relief that he seeks, he may file a separate action pursuant to 42 U.S.C. § 1983. Such action must be filed in the United States District Court for the Southern District of California, where petitioner is detained.

**CONCLUSION**

For the foregoing reasons, the petition is DISMISSED for failure to state grounds upon which relief can be granted. Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find the denial of his claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

3

The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

Dated: 2/26/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge